| | |
|---|---|
| DISTRICT OF NEW JERSEY<br>UNITED STATES BANKRUPTCY COURT<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Lynn T. Nolan, Esq. - 039952011<br>GROSS POLOWY, LLC<br>Formed in the State of Delaware<br>2500 Plaza 5, Suite 2548<br>Jersey City, NJ 07311<br>(716)204-1700<br>E-mail: lnolan@grosspolowy.com<br>Attorneys for Creditor MidFirst Bank | |
| In Re:<br><br>    RICARDO RAMIREZ, SR.<br><br>                Debtor(s). | Case No.: 20-22738-aba<br><br>Hearing Date: January 27, 2021<br><br>Judge: Andrew B. Altenburg, Jr.<br><br>Chapter: 13 |

## OBJECTION TO CONFIRMATION

Lynn T. Nolan, Esq., an attorney duly admitted to practice before the United States Bankruptcy Court for the District of New Jersey, states the following under the penalty of perjury:

1.    I am an attorney at law duly licensed to practice before this Court and an associate with the office of Gross Polowy, LLC, attorneys for MidFirst Bank ("Secured Creditor"), and as such, am fully familiar with the facts and circumstances of the present case.

2.    Secured Creditor is the holder of a note secured by a mortgage on real property commonly known as 241 South 32nd Street, Camden, NJ 08105 which property is owned by the Debtor.

3.    The Debtor filed a Chapter 13 Plan on November 23, 2020 which incorrectly lists the creditor as Midland Mortgage Co., where it should be listed as MidFirst Bank and states that regular monthly payments outside the plan will be "paid directly," but does not set forth an amount that that Debtor will pay directly to Creditor MidFirst Bank.

4.    Debtor must pay directly to secured creditor the full monthly contractual post-petition mortgage payments, which is subject to change in accordance with the terms of the note and mortgage.

5.    The post-petition mortgage payment is presently $705.78 as of 12/1/2020.

6. Secured Creditor will file a Proof of Claim listing approximately $5,867.78 in pre-petition arrears.

7. Objection to confirmation of the proposed plan is made as Creditor MidFirst Bank is incorrectly listed as "Midland Mortgage Co." and the amount of the regular post-petition mortgage payment is not listed, and states "paid directly."

WHEREFORE, it is respectfully requested that this Court deny confirmation of the Debtor's proposed plan, and for such other and further relief as to this Court deems just and equitable.

/s/ Lynn T. Nolan, Esq.
Lynn T. Nolan, Esq.